UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUSTINE ROSENFELD, parent and next friend to M.R., | : : | |
| Petitioner, | : | |
| v. | : : | C.A. No. 13-222S |
| NORTH KINGSTOWN SCHOOL DEPARTMENT, | : : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

Petitioner Justine Rosenfeld, as parent and next friend to her minor son, M.R., asks this Court to enforce an Interim Order of the Rhode Island Commissioner of Education ("Commissioner") requiring Respondent North Kingstown School Department ("School Department") to comply with M.R.'s Individualized Education Plan ("IEP") while her due process complaint is pending. Originally brought as an "Expedited Motion for Remand, Or, In the Alternative, To Enforce," the Motion sought mutually exclusive remedies: (1) remand to state court for lack of federal jurisdiction, or (2) enforcement of the Commissioner's Interim Order. The challenge to this Court's jurisdiction has been addressed in a separate Report and Recommendation, which finds that the case was properly removed to this Court and recommends that the Motion to Remand be denied. See ECF No. 6. I now take up Petitioner's alternative Motion for an order enforcing the Interim Order.

The Court assumes familiarity with the first Report and Recommendation and its lengthy recitation of the facts and travel of the case. See id. In brief, the School Department's interpretation of its IEP-based obligation to "[m]onitor hygiene in the bathroom" differed from that of M.R.'s parent, Petitioner, who brought her complaint to the Commissioner pursuant to

R.I. Gen. Laws § 16-39-3.2.  Following an expedited hearing, the Commissioner entered the Interim Order, which unequivocally adopts Petitioner's interpretation of the IEP, finds the School Department's position "categorically incorrect," and orders the School Department to comply, as well as to provide compensatory education to make up what M.R. lost while he was out of school as a result of noncompliance with the IEP.  ECF No. 3-1, at 5-9.  See Linda E. v. Bristol Warren Reg'l Sch. Dist., 758 F. Supp. 2d 75, 92-93 (D.R.I. 2010) (IDEA includes entitlement to compensatory education to remedy past deprivations).  The Interim Order protects M.R.'s "stay-put" right, as required by IDEA, 20 U.S.C. § 1415(j), to maintain "the status quo and ensur[e] that schools cannot exclude a disabled student or change his placement without complying with due process requirements."  CP v. Leon Cnty. Sch. Bd., 483 F.3d 1151, 1156 (11th Cir. 2007).

This Motion, effectively seeking injunctive relief,[1] is based on ambiguous communications[2] received from counsel for the School Department during the first twenty-four hours after the Interim Order issued and before the School Department had had an opportunity to review it or to make a plan for compliance.  Spurred to action by these communications, Petitioner immediately filed her action for enforcement.  However, later in the same day, and less than forty-eight hours after the Interim Order issued, in a filing in the Superior Court, the School Department categorically stated that it intended, and was ready, to comply:

> The District intends to fully comply with the Commissioner's . . . Order and Decision . . . .  The District is ready, willing and able to accept the student back into the District.

---

[1] On a motion for injunctive relief, I do not have the authority to make a determination.  According, I address this Motion by this report and recommendation to the District Court.  28 U.S.C. § 636(b)(1)(A)-(B).

[2] These communications understandably caused Petitioner to become alarmed that the School Department might not comply with the Interim Order: the first (an email time-stamped 7:13 p.m., two hours after the Interim Order was sent to the parties) stated that counsel had not conferred with the Department about its plan for compliance, but that it would continue to do what the Interim Order had unequivocally labeled insufficient; while the second stated that the Department needed a day to review the Interim Order before it could supply the required relief.

At the hearing on this Motion, Petitioner conceded that she has no evidence suggesting that these representations are inaccurate or disingenuous, except for a comment from a teacher about the need for a new IEP meeting, which Petitioner (wrongly) interpreted as an expression of intent not to comply.  The School Department clarified that the comment was actually an affirmation of the School Department's intent to comply fully – the new IEP meeting is to discuss the best way to provide M.R. with compensatory education as required by the Interim Order.  Most importantly, by the hearing, M.R. had been back in school for almost a week without incident.[3]

Because Petitioner seeks to enforce a preexisting administrative stay-put order,[4] this Court should employ traditional equitable principles to determine whether to afford relief.  See Doe v. Brookline Sch. Comm., 722 F.2d 910, 917 (1st Cir. 1983) (traditional powers of equity remain in the district court to enforce IDEA).  When a school district does not quibble with or seek to challenge the correctness of an IDEA requirement, but rather simply refuses to comply, a preliminary injunction provides the analytical framework to afford relief.  Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).  Accordingly, the legal standard for preliminary injunctions applies to Petitioner's Motion to enforce the Interim Order.  S.A. ex rel. L.A. v. Exeter Union Sch. Dist., No. CV F 10-347 LJO SMS, 2010 WL 4942539, at *16 (E.D. Cal. Nov. 24, 2010) (traditional preliminary injunction standards applied to application for enforcement of

---

[3] At the hearing, the Court urged Petitioner to promptly supplement the record should she become aware that the School Department is not complying with the Interim Order.  During the two and a half weeks that this Motion has been under advisement, school has been in session and no new evidence has been presented.

[4] When considering the entry of a stay-put order in the first instance, some courts have held that IDEA's stay-put requirement substitutes an absolute rule in favor of the status quo for the Court's traditional equitable discretion in granting injunctive relief, and functions as a type of automatic preliminary injunction.  See J.E. ex rel. J.E. v. Boyertown Area Sch. Dist., 452 F. App'x 172, 177 (3d Cir. 2011).  This Court has recognized that the stay-put provision functions as a type of "automatic preliminary injunction" that preserves the child's placement at the time that the IEP is challenged.  T.B. v. Warwick Sch. Dep't, No. Civ.A. 01-122T, 2003 WL 22069432, at *7 (D.R.I. June 6, 2003).

administrative stay-put order); see Henry v. Sch. Admin. Unit No. 29, 70 F. Supp. 2d 52, 60 (D.N.H. 1999) (applicant for stay-put relief must do more than allege a violation to establish claim for injunctive relief; if parents can demonstrate that school district is planning to violate stay-put, they are entitled to preliminary injunction).  To obtain a preliminary injunction, Petitioner bears the burden of demonstrating: (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.  Nieves-Marquez, 353 F.3d at 120.

The entry of an injunction is not appropriate when a party complies with an order after learning its requirements and there is no evidence of any threatened future violation.  See Martin v. Coventry Fire Dist., 981 F.2d 1358, 1362 (1st Cir. 1992); see also Turner v. City of Boston, 760 F. Supp. 2d 216, 218 (D. Mass. 2011) (preliminary injunction not warranted when no imminent threat of irreparable harm).  Petitioner's prayer for injunctive relief founders because the School Department intends to comply fully, and has been in full compliance, with the Interim Order.  At the moment when Petitioner sought judicial intervention to enforce the Interim Order, before the School Department had reviewed it or formed a plan for compliance, the School Department's less-than-crisp communications might have presaged an intent not to comply. However, arguably legitimate doubts over the School Department's intentions quickly evaporated when the School Department stated unequivocally on the record in the Superior Court its intent to "fully comply."[5]

---

[5] It should be noted that the only substantive issue in this case is enforcement of the Interim Order.  As time passes without incident since the entry of the Interim Order, the absence of a dispute suggests the conclusion that the Petition to Enforce the Interim Order has become moot.  See Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005) (a case challenging an IEP becomes moot when the dispute between the parties is no longer live, subject to voluntary cessation and other exceptions).  At that point, dismissal of the Petition may be appropriate.

The Court need go no further. Because Petitioner presented no evidence of either intent not to comply or of actual non-compliance with the Interim Order, I recommend that the Petitioner's Motion for Enforce the Interim Order (ECF No. 2) be DENIED.[6] Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 6, 2013

---

[6] Petitioner's Motion makes a passing request for attorney's fees and costs. Under IDEA, a parent who prevails in an administrative proceeding or litigation related to a due process hearing may be entitled in the discretion of the Court to reimbursement of reasonable attorney's fees, 20 U.S.C. § 1415(i)(3)(B)(i)(I). Linda E., 758 F. Supp. 2d at 94 (court may determine whether parent is prevailing party ultimately entitled to fees at termination of due process proceeding); see Maine Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 14-16 (1st Cir. 2003) (interim relief, like entry and enforcement of a stay-put order, generally does not entitle a party to attorney's fees and costs). Because I find that neither party is a prevailing party with respect to this Motion, I also recommend that no attorney's fees or costs should be awarded in connection with it, either now or at the termination of the due process proceeding.