UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUSTINE ROSENFIELD, parent and next friend to M.R., | : : | |
| Petitioner, | : | |
| v. | : : | C.A. No. 13-222S |
| NORTH KINGSTOWN SCHOOL DEPARTMENT, | : : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

M.R. is an impaired seventeen-year-old student with limited mastery of a variety of functional living skills, including toileting. His mother, Petitioner Justine Rosenfield, as his parent and next friend, has returned to this Court with a renewed motion seeking enforcement of an Interim Order of the Rhode Island Commissioner of Education ("Commissioner") requiring Respondent North Kingstown School Department ("School Department") to comply with M.R.'s Individualized Education Plan ("IEP"). ECF No. 9. The School Department countered with a Motion to Dismiss Petitioner's Renewed Motion to Enforce. ECF No. 10.

A short evidentiary hearing was conducted at which both Petitioner and the School Department presented evidence. After considering the testimony and the exhibits, I find that Petitioner has failed to prove that the School Department violated the Interim Order; rather, I find that the evidence establishes that the School Department has complied with the letter and spirit of the Interim Order. Based on these findings, I recommend that Petitioner's Renewed Motion (ECF No. 9) be DENIED. Further, because the Renewed Motion is Petitioner's second unsuccessful attempt to prove noncompliance, I recommend that Respondent's Motion (ECF No. 10) be GRANTED and that this Court dismiss the Petition.

I.      Background[1]

Petitioner's Renewed Motion seeks to compel the School Department to comply with the requirement in M.R.'s IEP to "[m]onitor hygiene in the bathroom," as interpreted by the Interim Order of the Commissioner, which specified that School Department staff must (i) observe M.R. to confirm whether he is dealing effectively with bathroom hygiene; (ii) inspect M.R. after he has attempted to clean himself; and (iii) if he is not clean, take steps to make sure that he is clean, including, if necessary to wipe him.  As the Commissioner stated in her Order, "this is the related health service that his IEP requires."

Petitioner's first Motion to Enforce the Commissioner's Order was filed on April 4, 2013, in the Providence County Superior Court and removed to this Court the following day.  A hearing was held on April 18, 2013 – in the face of the School Department's unequivocal representation that it intended, and was ready, to comply with the Interim Order, and the lack of any evidence of non-compliance, I recommended that this Court deny Petitioner's Motion to Enforce.  ECF No. 8.

M.R. returned to school on April 8.  Over the next twenty school days, on six occasions, he came home with soiled underwear in a bag.  Convinced from this evidence that the School Department was violating the Interim Order, Petitioner removed M.R. from school again (on May 10, 2013), and on May 22, 2013, she filed her Renewed Motion to Enforce.  This Court promptly set it down for hearing on May 28, 2013.  At Petitioner's request, the hearing was postponed to June 10, 2013.

---

[1] The Court assumes familiarity with the prior Reports and Recommendations in this matter and their recitation of the facts and travel of the case.  ECF Nos. 6, 8.

## II.     Proposed Findings of Fact

The narrow factual issue[2] presented by Petitioner's Renewed Motion is whether the School Department is complying with the requirements of the Interim Order. The evidence established that, shortly after the Interim Order was communicated to the School Department, it developed a protocol that went into effect immediately upon M.R.'s return to school on April 8, 2013. In testimony that the Court found to be highly credible, Ms. Langlois, the paraprofessional who serves as M.R.'s one-on-one directly responsible for toileting, explained that the protocol called for observation of M.R. every time he asks to go the bathroom, every time he suffers from flatulence and at four regular intervals throughout the school day, whether it is needed or not. At each observation, a second staffer is always present. At each, Ms. Langlois inspects M.R. after he has tried to clean himself and, if his efforts were not successful, she completes the process, by wiping as required by the Interim Order.

Ms. Langlois testified that during the period when M.R. was back in school (April 8 through May 10, 2013) she personally performed this task every day and maintained a log signed by the other staffer. On the several occasions when she found soiling, she promptly changed his underwear so that M.R. remained clean throughout virtually all of the school day. Several pages from her contemporaneous log confirmed her testimony, including her reference to gastro-intestinal issues, which resulted in soiling during M.R.'s first week back to school, and which

---

[2] Much of Petitioner's presentation at the hearing was focused on matters not directly relevant to compliance with the Interim Order, but which may be relevant at a due process hearing or in connection with an IEP meeting focused on M.R.'s challenge with toileting. Petitioner has both avenues fully available to her. She has filed a due process complaint against the School Department based in part on the same issues. See 20 U.S.C. §§ 1415(b)(6)-(7), (f). The School Department has also been attempting to schedule an IEP meeting with Petitioner to address hygiene, among other matters. See 28 U.S.C. § 1414(d). Either of these may be an appropriate venue for the parties to discuss educational solutions to Petitioner's concerns about her son. Indeed, in the same week as the hearing held in this Court on the Renewed Motion, these parties anticipated two hearing days in connection with the due process hearing and a day for the IEP meeting. Accordingly, Petitioner will have ample opportunity to bring up the matters that go beyond what is relevant to her Renewed Motion.

were brought to the attention of Petitioner.  I find that this protocol, as implemented by Ms. Langlois, is fully compliant with the Interim Order.

Petitioner's evidence did not raise a credible factual dispute regarding the School Department's compliance protocol and implementation of the protocol.  While Petitioner claimed that she did not observe gastro-intestinal issues during the relevant period, her testimony did not contradict the credible evidence of the School Department that such issues had come up while M.R. was at school.  In her attempt to prove non-compliance with the Interim Order, Petitioner described approximately six[3] occasions, out of the twenty days M.R. attended school, when her son came home with soiled underwear in a plastic bag and one occasion when his shirt was soiled.  However, this evidence is consistent with the School Department's evidence regarding the implementation of its protocol; only the soiled shirt suggests that Ms. Langlois may have failed to achieve the goal of complete cleanliness on one occasion.

Petitioner presented medical records from a gastroenterologist, Dr. Raymond Mis, pursuant to R.I. Gen. Laws § 9-19-27, whose medical assessment written a month before the Interim Order included the statement that "[M.R.] just needs some extra assistance during the day with cleaning and hygiene."  She testified that this information had been provided to the School Department.  These records, which were accepted over the objection of the School Department based on its inability to cross examine the doctor, have no bearing on the School Department's credible proof of its protocol and the impressive evidence of its efforts, through Ms. Langlois, to implement the protocol.   Finally, Petitioner testified that M.R. did not have toileting accidents at home or in the Wrap-Around program he had participated in for some time – this evidence is not directly pertinent to how M.R. functions in the more stressful environment

---

[3] Her testimony was confusing with regard to the number of instances of problems – however, her affidavit clearly stated that it happened six times.

of school.  In any event, the issue presented by the Renewed Motion is not why M.R. continued to struggle with soiling at school.  Rather, the only issue is whether the School Department is complying with the Interim Order.

Based on the evidence presented at the hearing, I find that, through its adoption and implementation of the protocol, the School Department has consistently been in full compliance with the requirements of the Interim Order.

### III.    Legal Analysis

A motion seeking enforcement of the Interim Order effectively seeks injunctive relief.[4] Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).  Accordingly, the legal standard for preliminary injunctions applies to Petitioner's Renewed Motion to Enforce the Interim Order.  See  S.A. ex rel. L.A. v. Exeter Union Sch. Dist., No. CV F 10-347 LJO SMS, 2010 WL 4942539, at *16 (E.D. Cal. Nov. 24, 2010); Henry v. Sch. Admin. Unit No. 29, 70 F. Supp. 2d 52, 60 (D.N.H. 1999).  To obtain a preliminary injunction, Petitioner bears the burden of demonstrating by a fair preponderance of the evidence: (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.  Nieves-Marquez, 353 F.3d at 120 (parent request for order to enforce IEP decided by reference to preliminary injunction standard); see Smith v. Newport Nat. Bank, 326 F. Supp. 874, 877 (D.R.I. 1971) (plaintiff's burden at preliminary injunction is to establish entitlement to relief by a fair preponderance of the evidence).

Here, the School Department's credible and largely uncontroverted proof of its compliance with the Interim Order ends the matter.  Petitioner has failed to establish likelihood

---

[4] On a motion for injunctive relief, I do not have the authority to make a determination.  According, I address Petitioner's Motion by this report and recommendation to the District Court.  28 U.S.C. § 636(b)(1)(A)-(B).

of success on the merits of her Petition, which is based entirely on her claim that the School Department has failed to comply with the Interim Order. Therefore, the Renewed Motion should be denied. See Nieves-Marquez, 353 F.3d at 120.

The remaining issue is the School Department's Motion to Dismiss. Petitioner has now twice failed to convince this Court to issue an order to enforce the Interim Order. There is scant reason to leave this summary proceeding open *ad infinitum*, particularly where these parties are already engaged in two parallel proceedings (the IEP meeting and the due process hearing) that are addressing the same topic. It is time for this federal proceeding to end. Accordingly, I recommend that Respondent's Motion to Dismiss be granted, except to the extent it requests attorney's fees, which I recommend be denied.[5]

## IV.   Conclusion

Because Respondent has complied with the Interim Order, I recommend that Petitioner's Renewed Motion for Enforce (ECF No. 9) be DENIED. I further recommend that Respondent's Motion to Dismiss (ECF No. 10) be GRANTED, and that this proceeding be dismissed with each side bearing her/its own costs and fees. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its service. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[5] Under IDEA, a prevailing school department is generally entitled to attorney's fees if the parent's cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. 20 U.S.C. § 1415(i)(3)(B)(i)(III); see Maine Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 14-16 (1st Cir. 2003) (interim relief, like entry and enforcement of a stay-put order, generally does not entitle a party to attorney's fees and costs). The School Department has failed to satisfy this high bar.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 13, 2013