UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JUSTINE ROSENFIELD, parent and      )
next friend to M.R.,                )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   C.A. No. 13-222 S
                                    )
NORTH KINGSTOWN SCHOOL DEPARTMENT,  )
                                    )
        Respondent.                 )
_____ )

## Order

WILLIAM E. SMITH, United States District Judge.

Before the Court are three Report and Recommendations issued by Magistrate Judge Patricia A. Sullivan in the above-captioned matter.  On April 30, 2013, Judge Sullivan issued a Report and Recommendation (ECF No. 6) recommending that this Court deny Petitioner's Motion to Remand (ECF No. 2).  On May 6, 2013, Judge Sullivan issued a second Report and Recommendation (ECF No. 8) recommending that this Court deny Petitioner's Motion to Enforce (ECF No. 2).  Because Petitioner Justine Rosenfield has filed no objections to either of these two Report and Recommendations and the Court agrees with Judge Sullivan's legal reasoning, this Court now accepts Judge Sullivan's recommendations pursuant to 28 U.S.C. § 636(b)(1).

On June 13, 2013, Judge Sullivan issued a third Report and Recommendation (ECF No. 12) recommending that this Court deny Petitioner's Renewed Motion to Enforce (ECF No. 9) and grant Respondent's Motion to Dismiss (ECF No. 10).  Petitioner filed an Objection to this Report and Recommendation (ECF No. 14) on July 1, 2013, arguing that (1) a preliminary injunction standard was inappropriate for a Motion to Enforce, (2) that Judge Sullivan failed to give due weight to the evidence before her, and (3) that the matter should not have been dismissed in its entirety.

After reviewing the record, the Court finds these objections to be meritless.  First, while Rhode Island has yet to develop its case law regarding the standard for petitions to enforce under R.I. Gen. Laws § 16-39-3.2, other courts have indicated that the legal standard for a preliminary injunction applies to motions to enforce administrative orders.  <u>S.A. ex rel. L.A. v. Exeter Union Sch. Dist.</u>, No. CV F 10-347 LJO SMS, 2010 WL 4942539, at *16 (E.D. Cal. Nov. 24, 2010) (finding that traditional preliminary injunction standard applied to application for enforcement of administrative stay-put order).

Second, Judge Sullivan found the testimony of Ms. Langois, the paraprofessional who aided M.R. with bathroom hygiene, to be "highly credible" evidence demonstrating the school district's compliance with the interim order.  Petitioner failed to provide

any evidence contradicting Ms. Langois' testimony and therefore failed to prove that the school district was not complying with the interim order. The Court is unwilling to retry the facts of the case or hold an additional evidentiary hearing.

Third, dismissing the action in its entirety is appropriate due to the lack of any pending claims. Petitioner has twice failed to convince this Court to grant a Motion to Enforce and it makes little sense to afford her a third opportunity.

Because this Court agrees with Judge Sullivan's analysis, it adopts her June 13, 2013 Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Petitioner's Motion to Remand, Motion to Enforce, and Renewed Motion to Enforce are DENIED and Respondent's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: August 9, 2013